[No. 10345. Department Two. June 14, 1912.]

## VICTOR AHO, *Respondent*, v. COAST COAL COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURIES—SAFE PLACE—CONTRIBUTORY NEG-
LIGENCE—COMPLAINT—SUFFICIENCY. A complaint for injuries to a
coal miner from falling overhead rock is not demurrable as showing
contributory negligence from the fact that it admitted that plain-
tiff went to work in a place "apparently somewhat unsafe" from want
of timbers, which defendant had failed to supply, and which for that
reason relieved the plaintiff from the assumption of risks.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for
$4,000 for injuries to a coal miner 31 years of age, earning $100 a
month, is not excessive, where his leg was broken in two places,
resulting in a thickening of the thigh bone, bending of the leg, and
a loss of motion of 90 degrees of the knee joint, and the injury was
permanent and incapacitated him from following his employment.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered November 9, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff, for per-
sonal injuries sustained by a coal miner in the fall of rock.
Affirmed.

*Williamson, Williamson & Freeman*, for appellant.

*Bates, Peer & Peterson*, for respondent.

FULLERTON, J.—The appellant owns and operates a coal
mine, located at Spiketon, in Pierce county. The respondent
was employed by the appellant to work as a miner therein,
and while so engaged with others driving a gangway or
tunnel along the coal vein, was injured by a piece of shale
rock falling upon him from the roof of the gangway. In
his complaint the respondent stated the cause and manner
of his injury in the following language:

"That while employed by defendant at mining in said vein
of coal on said 23rd day of September, 1910, plaintiff and
his partner, John Johnson, came to a place in said vein about

[1]Reported in 124 Pac. 108.

6 feet from the face thereof where a large piece of shale rock
was hanging from the ceiling apparently somewhat unsafe,
whereupon plaintiff and his said partner decided for their
safety that it was necessary and proper to put in a timber
and brace said portion of the roof, whereupon they went to
the entrance of said gangway where timbers were kept for
them with which to brace and protect and guard their work-
ing places, but defendant had failed to provide or deliver to
plaintiff and his partner at the said place, or at their work-
ing place, or at the entrance thereto, any timbers or props
with which to brace said shale rock, and with which to brace
and protect said working place, whereupon plaintiff returned
to said working place and proceeded to work clearing up and
shoveling out coal therefrom, and while so engaged a large
portion of the shale rock in said roof and particularly that
portion thereof hanging from the ceiling, above referred to,
and for which he sought timbers to brace and protect as
hereinbefore alleged, fell down and upon plaintiff, striking
him on the left leg, knocking him to the floor of said tunnel
and crushing his left leg, breaking the same above the knee
and in two places below the knee.''

To the complaint the appellant interposed a general de-
murrer, which was overruled, whereupon it answered to the
merits. A trial was thereafter had, which resulted in a ver-
dict and judgment for the respondent.

The appellant first assigns that the court erred in refus-
ing to sustain its demurrer to the complaint. It is contended
that the complaint shows upon its face that the respondent
was guilty of contributory negligence. This contention has
its basis in the allegation in the paragraph quoted to the
effect that the respondent observed, prior to his injury, that
a "large piece of shale rock was hanging from the ceiling
apparently somewhat unsafe." It is argued that, while the
act of the appellant in failing to keep a sufficient supply of
timbers or props to enable the respondent to properly pro-
tect his working place may have relieved the respondent from
the risk of injury by objects falling from the ceiling of the
gangway he assumed in his contract of hire, it did not
excuse contributory negligence on his part, and that it was

contributory negligence for the respondent to work under the rock knowing that it was apparently unsafe. In other words, the contention is that while the respondent did not assume the risk of working in the dangerous place, yet he was nevertheless guilty of contributory negligence in working therein knowing it to be unsafe. But this court has heretofore refused to recognize this contention as sound. In *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915, the plaintiff was injured on an unguarded set screw which was allowed to project from a revolving shaft over which he was required to work. It was argued that, while the plaintiff might not have assumed the risk of injury from the unguarded set screw, owing to the fact that the defendant had not complied with the statute requiring such set screws to be guarded, he was nevertheless guilty of contributory negligence in working over the set screw, as he knew that there was danger of injury by so doing. Answering the objection it was said:

"The appellant next contends that the court erred in refusing to rule, as a matter of law, that the respondent was guilty of contributory negligence. All that the evidence shows on this question is that the respondent continued in his work after he had knowledge of the fact that the collar and set screw which caused his injury were uncovered. But it will hardly do to say that an employee is guilty of contributory negligence for merely working in a dangerous place when he does not assume the risk of injury for working therein. It is true that in such cases contributory negligence and assumption of risk approximate, and it is difficult to draw a line between them, but we think that, to convict an employee of contributory negligence for working in a place where he does not assume the risk of injury, it must be shown that he did not use care reasonably commensurate with the risk to avoid injurious consequences; in other words, that it was some negligent act of his own that caused his injury, and not alone the dangers of his situation."

In *Starck v. Washington Union Coal Co.*, 61 Wash. 213, 112 Pac. 235, the same question was presented. In that

case, as in the case at bar, the plaintiff was injured while working in a coal mine, by the caving in and falling upon him of objects from the roof of the cut in which he was working. Sufficient props had not been supplied the workman to keep the place of work reasonably safe, and it was shown that he knew that there was more or less danger in working in the place without such props. It was argued that he was, because of his knowledge of the dangers of his situation, guilty of contributory negligence for continuing to work therein; but it was held that the contention could not be maintained, the court saying:

"It is true that in *Green v. Western American Co., supra,* which was the first case in this jurisdiction to lay down the rule that the master assumed the risk where the statutory requirements in regard to safe place and appliances had not been complied with, there were some expressions used by the court which might readily lead to the conclusion that the doctrine claimed for it by the appellant was true, viz., that while the plaintiff in an action for damages in a case brought under the statute for violation of, failure to guard, or make safe, would not be held to have assumed the risk, he would be held to have been guilty of contributory negligence for working in an unsafe place. But this doctrine certainly never was intended by the court to be carried so far as to hold that a plaintiff would be held guilty of contributory negligence for working in a place where he would not be held to have assumed the risk in working. No court would trifle with the rights of a litigant to such an extent as to hold that he could recover in a given case because he did not assume the risk of working in a certain place, and then hold that he could not recover because he was guilty of contributory negligence in working in that certain place. This would be allowing words and terms to control a principle. . . .

"There can be no question but that cases might arise where contributory negligence would be an element in the case available to the defendant, but the two propositions have no real relation to each other. One relates to the risks assumed by an employee in the entering into a given service, and the other to the vigilance to be exercised by the em-

ployee under certain circumstances; that is to say, that the servant may be guilty of contributory negligence in a case where the master has neglected or refused to perform a statutory duty, but the negligence has no relation to the place, but must be negligence in the doing of some independent act on the part of the servant, which is the proximate cause of his injury. It must be borne in mind, however, that it is this independent act of the servant, instead of the danger of the place or of the machinery, which causes the accident."

These cases are conclusive of the contention made here. The respondent was not guilty of any overt act of negligence; all that he did was to work in a place "apparently somewhat unsafe;" and since he did not assume the risk of injury for working therein, it would be, as was said in the case last cited, "allowing words to control principles to hold that he was guilty of contributory negligence."

The respondent recovered judgment in the sum of $4,000. It is argued that this is excessive. The evidence shows that the respondent was 31 years of age at the time of his injury; that he was earning $100 per month; that his leg was broken in two places, and at the time of the trial was not sufficiently healed to enable him to walk without crutches; that there was a thickening of the thigh bone, a bending of the leg forward, a loss of motion of some 90 degrees of the knee joint, a stiffening of the ankle; that the injury was permanent and the respondent incapacitated from following his occupation of a miner. In view of the record, we cannot hold the damages excessive.

The other errors assigned are met by what we have said concerning the demurrer to the complaint.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, MORRIS, and ELLIS, JJ., concur.